John Rupard v. The State.

No. 2188. Decided May 7, 1913.

Rehearing denied June 25, 1913.

**1.—Retailing Liquors Without License—Recognizance—Certiorari.**

Where the appeal was dismissed for defective recognizance, whereupon an amended recognizance was filed, and the motion to grant a writ of certiorari to give appellant time to substitute the lost papers, after much delay, was finally complied with, but no error appeared of record, the cause is affirmed.

**2.—Same—Practice on Appeal.**

Where the bills of exception which were granted by the court presented no error, either on the facts admitted in evidence or as to the information, the cause must·be affirmed.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of selling intoxicating liquors without license; penalty, $1000 and three months confinement in the county jail.

The opinion states the case.

*Brooks & Worsham* and *Barry Miller,* for appellant.

*C. E. Lane,* Assistant Attorney-General, and *Clark M. Mullican* and *Currie McCutcheon,* for the State.

HARPER, JUDGE.—Appellant was convicted of the offense of selling intoxicating liquor without having obtained a license to engage in such business.

The recognizance is fatally defective and confers no jurisdiction on this court. However, if the recognizance was in such condition as to authorize this court to consider the record, there is no statement of facts accompanying it, and no bills of exception, reserving any exception to any of the proceedings had on the trial, and it would necessarily be affirmed, but as this court has no jurisdiction, it is ordered that the appeal be dismissed.

*Dismissed.*

### ON REHEARING.

#### May 7, 1913.

HARPER, JUDGE.—On January 8th this case was dismissed because of defective recognizance. Within the time allowed by law a motion was granted permitting appellant to file an amended recognizance, and a writ of certiorari was granted to perfect the record, no statement of facts accompanying it, appellant alleging that one had been filed and lost. We have permitted the case to remain on the docket to give appellant time to substitute the lost papers. The county attorney of Dallas County has filed an affidavit stating that since the writ of certiorari was issued, he personally went to appellant's attorney of record and requested him to substitute the lost papers, which he promised to do; that he has repeatedly stated he would substitute the lost papers. The county attorney further states that he told appellant's attorney if he would dictate the substitutes for the lost papers to his (the county attorney's) stenographer, he would have them prepared and agree with him on the substituted papers. That although appellant's attorney has stated he would do so, up to this time he has made no effort to substitute them. This affidavit of the county attorney was made on April 15, 1913. The county clerk files an answer to the writ of certiorari issued by this court, and after stating the papers were lost without fault or negligence on his part, states: "Your respondent would further show that he has made a diligent search of the files of his office and diligently inquired of his deputies and employes as well as of all persons who would likely know the whereabouts of said statement of facts and bills of exception and after such search and inquiry the whereabouts of said statement of facts and bills of exception are unknown to your respondent, and that the same are not to be found in the files of the office of the county clerk of Dallas County, Texas, or in his custody, and your respondent would

further show that he has made diligent effort to comply with the order issued by this Honorable Court requiring him to send up a perfect transcript of the record in said cause and that because of the facts and circumstances above stated, he is unable to comply therewith further than to file, as heretofore done, a copy of the indictment and charge of the court given on the trial of said cause.

"Your respondent further shows that on receipt of the writ of certiorari issued on the 12th day of February, 1913, he went to the Hon. Currie McCutcheon, county attorney of Dallas County, and with Mr. McCutcheon visited Mr. Williams and advised him of the writ. Mr. Williams claimed that he had carbon copies and agreed with Mr. McCutcheon, county attorney, and the respondent that he would substitute same. Afterward, Mr. Williams, the attorney of record for the defendant, claimed that he had lost or misplaced the copies. The county attorney, Mr. McCutcheon, and the respondent agreed to furnish a stenographer to Mr. Williams to dictate copies, but Mr. Williams failed and refused to avail himself of that offer."

This answer is sworn to by J. E. Record, county clerk. Thus it is seen that ample opportunity has been given appellant to substitute the lost papers and he has made no effort to do so, and in the absence of a statement of facts and bills of exception, no matter is presented that we can review. The cause having been reinstated, the judgment will now be affirmed.

*Affirmed.*

ON REHEARING.

June 25, 1913.

HARPER, Judge.—This case was first dismissed because of an insufficient recognizance. It was reinstated on motion of appellant, he filing a recognizance in compliance with law. Appellant then prayed for a writ of certiorari to perfect the record, and it was granted. The county clerk answered the writ, that the papers were lost, and the case was then stayed to permit appellant to substitute the papers. After waiting ninety days the case was affirmed, no papers having been substituted in the court below. Appellant filed a motion for a rehearing, and prayed that further time be granted him in which to substitute lost papers, which was done. He has now substituted the statement of facts, and we have carefully read and considered it, and it amply sustains the verdict. No motion for new trial, if any was made, has been substituted nor offered to be substituted. So all that we can consider is the sufficiency of the testimony and the bill the court has permitted to be substituted. Appellant sought to substitute three other bills, but the court declined to do so on the ground that no such bills were reserved at the time of the trial, and the testimony of the court stenographer supports the finding of the court that no such bills were reserved at the time of the trial. The court finding as a fact that no such bills were presented to him, nor approved by him, further entering an order refusing to per-

mit such bills to be filed and substituted, we can not consider them. There is one bill, however, that the court does permit to be substituted as to the testimony of Hon. Currie McCutcheon. If this bill showed error, the same facts were testified to by appellant, and all the witnesses show that the sale of the liquor took place in that portion of the City of Dallas outside of what is termed the saloon limits, and such bill would not present reversible error. The bill as to the information not being permitted to be substituted, of. course can not be considered, but if in fact the information did not charge an offense against the law, it could be taken advantage of in this court. However, the information and complaint do charge an offense.

The motion for rehearing is overruled.

*Overruled.*